UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD D. JARONIK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-CV-623 |
| | ) |
| TOWN OF LAKEVILLE, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on the motion for summary judgment filed by Defendant Town of Lakeville (DE 19). Plaintiff Richard Jaronik filed a response in opposition (DE 23) and Lakeville filed a reply (DE 26). For the reasons discussed below, the motion is **TAKEN UNDER ADVISEMENT**. The **PARTIES ARE DIRECTED** to file additional briefs addressing only the issue of whether this Court has subject matter jurisdiction over this case. Defendant Lakeview shall file its brief within 30 days of the date of this Opinion and Order[1], Plaintiff Jaronik shall file his brief (either in support of *or* in opposition to removal) within 15 days from the filing of Lakeville's brief, and Lakeville shall file its reply brief (if necessary) within seven days of the filing of Jaronik's response. Should the parties conclude that this Court does not have subject matter jurisdiction over this case, they should file a joint motion to remand this case to the St. Joseph Circuit Court.

---

[1] "[T]he party seeking removal . . . bears the burden of establishing federal jurisdiction." *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017) (citing *In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 329-30 (7th Cir. 2009); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447-48 (7th Cir. 2005)).

**DISCUSSION**

"It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The "limits upon federal jurisdiction" are many, but subject matter jurisdiction is a threshold one–so much so that "[e]very court has an independent responsibility to determine in every case whether it has subject matter jurisdiction and to dismiss the case if it concludes it does not." *Hertel v. Sweet*, 2007 WL 2404804 at *1 (E.D. Wis. Aug. 17, 2007) (citing *Pratt Cent. Park Ltd. v. Dames & Moore, Inc.*, 60 F.3d 350, 352-54 (7th Cir. 1995) and *Ross v. Inter-Ocean Ins. Co.*, 693 F.2d 659, 660 (7th Cir. 1982)). "'[N]ot only may the federal courts police subject matter jurisdiction *sua sponte*, they must.'" *Id.* (quoting *Hay v. Ind. State Bd. of Tax Com'rs*, 312 F.3d 876, 879 (7th Cir. 2002)). If a district court determines that subject matter jurisdiction is lacking in a removed case, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). After careful review of the allegations in Jaronik's Complaint, and consideration of the arguments advanced by both sides on the motion for summary judgment, this Court is left with serious doubts about its authority to hear this case. If subject matter jurisdiction exists in this case the Court can't find it, and thus turns matters back to the parties for enlightenment.

A somewhat detailed discussion of the claims presented in Jaronik's Complaint, and the parties' respective arguments presented in their briefs on the motion for summary judgment, is necessary to elucidate the Court's concerns even though the Court cannot, given the potential

lack of jurisdiction, reach the merits of those claims or arguments. This jurisdictional issue has not raised its head in this case until the parties briefed the motion for summary judgment. This Court can (and must) examine the entire record–including the briefs and any evidence submitted with them, whether or not they specifically address subject matter jurisdiction–to satisfy itself that it has the authority to hear this case in the first place. As another district court explained:

> [A] court may look beyond the complaint and "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003) (citation omitted); *see also Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("[U]pon a challenge to the court's jurisdiction by a party, the court should conduct a careful inquiry and make a conclusive determination whether it has subject matter jurisdiction or not. . . . We conclude that the district court had not only the right, but the duty to look beyond the allegations of the complaint to determine that it had jurisdiction [.]" (citation omitted).). In evaluating subject matter jurisdiction, the court can consider "summary judgment-type evidence such as affidavits and deposition testimony," as long as it does not use this evidence "to 'pre-try' the case[.]" *CC Indus., Inc. v. ING/Reliastar Life Ins. Co.*, 266 F.Supp.2d 813, 815-16 (N.D. Ill. 2003) (citation omitted) (considering whether requirements of diversity jurisdiction were satisfied). The Court can consider whatever evidence "sheds light on the situation which existed when the case was removed." *Harmon v. OKI Sys.*, 115 F.3d 477, 480 (7th Cir. 1997).

*Brokaw v. Boeing Co.*, 137 F.Supp.3d 1082, 1091-92 (N.D. Ill. 2015). In this case, the issue of subject matter jurisdiction is raised *sua sponte*, rather than by motion of a party, but that too is proper and mandated. "[A] federal district court . . . has an obligation to review its own subject matter jurisdiction *sua sponte* and must dismiss the case if it finds that it lacks jurisdiction." *Michon v. Ugarte*, 2017 WL 622236, at *4 (N.D. Ill. Feb. 15, 2017) (citing Fed.R.Civ.P. 12(h)(3) and *Hammes v. AAMCO Transmissions*, 33 F.3d 774, 778 (7th Cir. 1994)) (additional citations omitted); *see also*, *Kindra Lake Towning, L.P. v. Donat Ins. Servs., LLC*, 2017 WL 622224 at *3 (N.D. Ill. Feb. 15, 2017) (quoting *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir.

1994)) ("'Subject matter jurisdiction cannot be waived and may be challenged by a party or raised *sua sponte* by the court at any point in the proceedings.'").

The Court begins with the allegations contained in Plaintiff's Complaint. Richard Jaronik was a deputy marshal for the Town of Lakeville. Complaint, p. 1. On August 2, 2014, Jaronik talked to Martha Tyler, a member and then-acting president of the town council, and discussed "some issues he believed he was experiencing at the department." *Id*., p. 2. Jaronik claims he also "proceeded to express various issues he believed constituted significant problems at the operational level of the department." *Id*. Jaronik alleges that Ms. Tyler became "defensive" and "unreasonable" while he was expressing his views, and that she suddenly said "I accept your resignation[,]" even though Jaronik contends he never offered his resignation and had no intention of resigning. *Id*., p. 2. Jaronik was ill the next day, August 3, and took the day off work to recuperate. *Id*. On August 4, 2014, Jaronik received communications from colleagues asking why he had quit his job, and Jaronik responded by telling them he did not quit, that he took the previous day off due to illness, and that he was returning to work. *Id*. Jaronik then contacted Ms. Tyler again, they engaged in the same debate about whether Jaronik had resigned, and Jaronik asked "so I am fired, then?" *Id*. Ms. Tyler allegedly responded "call it as you want, but you are done and don't come in anymore." *Id*. Jaronik asserts that "On August 6, 2014, [he] was served with a certified letter informing him that his employment with the Lakeville Police Department was terminated because his 'resignation,' was 'accepted.'" *Id*., p. 3.

Based on those facts, Jaronik asserts three claims against Lakeville.[2] In Count II of his

---

[2] Jaronik separates his Complaint into four "Counts," although Count I is titled "General Allegations" and is just that–a recitation of his version of the underlying facts. No legal claim or theory is contained in "Count I" of the Complaint.

Complaint, Jaronik pleads a claim for "violation of due process," contending that he had "a property interest in his employment" as a deputy marshal that was taken from him in violation of his rights to due process. *Id*., pp. 3-4. In Count III, Jaronik pleads a claim for "wrongful discharge," and/or a claim for "retaliation." *Id*., pp. 4-5. The Count is titled "Wrongful Discharge," but Jaronik states that the "termination [of] Mr. Jaronik's employment constitutes wrongful discharge and, specifically, was retaliation for Mr. Jaronik's raising issues about the police department." *Id*., pp. 4-5. In Count IV, Jaronik pleads a state law claim for defamation, alleging that Lakeville "represent[ed] to the public and police department in both written and oral fashion" that Jaronik had resigned his position as a police officer when in fact he had not done so. *Id*., p. 5. Jaronik requests "compensatory damages, punitive damages, special damages, lost wages, damages for lost future employment, attorney's fees, [and] costs[.]" *Id*., p. 6. Jaronik filed this lawsuit in the St. Joseph Circuit Court on December 8, 2015, and Lakeville removed it to this Court on December 29, 2015. *See* Complaint (DE 2); Notice of Removal (DE 1).

With that summary of the facts and claims in mind, the Court turns to the parties' arguments presented in their briefs. Lakeville argues that Jaronik's "claims are wholly without merit. He was not entitled to any due process protections and [he] was not discharged, he resigned. Additionally, there was no publication of a defamatory statement and any statements concerning his employment status are protected by the common interest privilege." Defendant's Memorandum in Support of Motion for Summary Judgment (DE 20), p. 1. As to Jaronik's due process claim specifically, Lakeville argues that Jaronik has no legal foundation for such a claim. While Lakeville acknowledges that law enforcement officers are afforded due process rights under Indiana Code § 36-8-3-4, it insists that those protections are only available to officers who

5

are terminated for disciplinary reasons and, since Jaronik voluntarily resigned from his employment (according to Lakeville), the provisions of that section are not invoked. *Id*., pp. 6-7. Lakeville argues that "it is well established that a police officer who voluntarily resigns waives his due process rights under Indiana Code section 36-8-3-4. . . . In the present case, Plaintiff was not terminated for disciplinary reasons. His employment ended with Lakeville because he notified Lakeville he was resigning. . . . Because Plaintiff was not terminated for disciplinary reasons, he was not entitled to the protections of Indiana Code § 36-8-3-4." *Id*., p. 7.

Jaronik responds by arguing that he *does* have a valid legal foundation for his due process claim and that it is Lakeville's argument that is flawed. Jaronik correctly points out that Lakeville's argument that I.C. § 36-8-3-4 does not apply to this case is based on the contention that Jaronik voluntarily resigned, which he adamantly maintains he did not. Jaronik argues that Lakeville's position "relies upon material facts that are in clear dispute because: a) Jaronik states he never resigned; and b) absent the alleged 'resignation' the only conclusion is Jaronik was terminated for disciplinary reasons. Accordingly, the house of cards upon which Defendant's entire argument on this issue rests must fall." Plaintiff's Response, p. 4. Jaronik argues that there is a genuine issue of fact regarding whether he resigned or was terminated, and the existence of that fact issue precludes Lakeville's argument altogether. As he puts it:

> In order for the court to accept that position, the court would have to weigh the evidence and make a factual determination that Plaintiff resigned during his conversation with Ms. Tyler. The content of this conversation, of course, is hotly disputed and constitutes a material question of fact.

*Id*., p. 4. Obviously there is a credibility issue here regarding whether Jaronik resigned or was terminated, and either Ms. Tyler or Mr. Jaronik has a faulty recollection or is fibbing, but

6

credibility determinations are a jury's domain. Therefore, argues Jaronik, Lakeville has no basis on which to seek summary judgment on his due process claim, seeing as it is premised on the assumption that he resigned. Jaronik states that because he *did not* resign, "the only conclusion is [that he] was terminated for disciplinary reasons." Plaintiff's Response, p. 4.

In its reply brief, Lakeville turns the argument in the other direction again. The Town contends that Jaronik's argument ignores the fact that a police officer "can be terminated for reasons *other than* disciplinary[.]" Defendant's Reply, p. 2 (italics added). Lakeville summarizes its argument as follows:

> The facts clearly indicate that Plaintiff's resignation/termination was not related to disciplinary reasons. Because there is no issue of fact concerning whether the Plaintiff was terminated for disciplinary reasons, there is no issue of whether Plaintiff's due process rights were violated. They were not.

*Id.*, p. 3. Lakeville cites another Indiana statute to support its argument–I.C. § 36-5-7-6–which provides "that a deputy marshal may be terminated *at any time*." *Id.*, p. 5 (italics in original). This is another way of stating that Jaronik's employment was at-will, and so he could be terminated at any time for any reason–so long as the reason had nothing to do with the disciplinary matters enumerated in I.C. § 36-8-3-4. As Lakeville points out, that statute provides as follows:

> (b) . . . a member of the police or fire department holds office or grade until the member is dismissed or demoted by the safety board. . . . [A] member may be disciplined by demotion, dismissal, reprimand, forfeiture, or suspension upon either:
>
> (1) conviction in any court of any crime; or
>
> (2) a finding and decision of the safety board that the member has been or is guilty of any one (1) or more of the following:
>
> (A) Neglect of duty.
> (B) A violation of rules.
> (C) Neglect or disobedience of orders.

  (D) Incapacity.
  (E) Absence without leave.
  (F) Immoral conduct.
  (G) Conduct injurious to the public peace or welfare.
  (H) Conduct unbecoming an officer.
  (I) Another breach of discipline.

Defendant's Memorandum, p. 5 (quoting I.C. § 36-8-3-4)(b)). Lakeville contends that since Jaronik was not terminated for any reason listed in the statute he was not entitled to the due process protections mandated by I.C. § 36-5-7-3, which "states that before terminating [or suspending] a marshal who has been employed for more than six months after completing the minimum basic training requirements . . . , 'the legislative body must conduct the *disciplinary removal* and appeals procedure prescribed by I.C. 36-8 for city fire and police departments.'" *Id*. (quoting I.C. § 36-5-7-3) (italics in original). Lakeville maintains that it never terminated or suspended Jaronik–for disciplinary reasons or any other reason–and so his due process claim, which is based completely on the Indiana statutes just discussed, is without foundation and Lakeville is entitled to summary judgment on that claim. *Id*., generally.

  In support of its position, Lakeville cites and relies primarily on two Indiana cases: *Spoon v. Town of Pittsboro*, 706 N.E.2d 254 (Ind.App. 1999) and *Hilburt v. Town of Markleville*, 649 N.E.2d 1036 (Ind.App. 1995). Lakeville argues that "one can conclude, based upon the holding[s] in *Stoops* and *Hilburt*, that a deputy marshal can be terminated for a non-disciplinary reason without receiving a hearing or notice. That is exactly what occurred here." Defendant's Reply, p. 2.[3] In short, whether Jaronik resigned or was terminated is irrelevant to Lakeville's

---

[3] The plaintiff in *Spoon* was terminated from his position as a deputy marshal because he failed to complete state-mandated training and failed to exhaust administrative remedies before filing suit (in which he alleged that he was discharged without receiving a hearing as required by I.C. § 36-8-3-4). In *Hilburt*, the plaintiff–also a town marshal–filed suit after being terminated

8

position. So long as Jaronik's separation from employment was not the result of disciplinary issues–and Lakeville maintains it was not–his due process rights under I.C. § 36-8-3-4 never came into play.

Now, finally, comes the rub. The parties confine their arguments on the issue of Jaronik's due process claim to Indiana state law, citing and arguing about the application and interpretation of Indiana statutes and Indiana case law. This is true not just as to Jaronik's due process claim. As to his "wrongful discharge" and "retaliation" claim(s), Jaronik's argument in his brief states, *in its entirety*, as follows:

> [Lakeville] is correct in stating that an exception to **Indiana's employment at will doctrine** is the "public policy exception" which provides that a claim for retaliatory discharge may lie when an employee is terminated based upon the exercise of a statutorily conferred right or for refusing to commit an illegal act for which he would be personally liable. *Coutee v. Lafayette Neighborhood Housing Svc., Inc.*, 792 N.E. 2d 907, 911 (Ind.Ct.App. 2003). This analysis applies to **Indiana's common law claim for retaliatory discharge**. *Id*. The defense states that Officer Jaronik "cannot establish that he engaged in a statutorily protected activity" because "complaining about the performance of the police chief" is not

---

and alleged that he was deprived of the due process protections contained in § 36-8-3-4 and § 36-5-7-3 (just as Jaronik has done here). Hilburt was terminated because his two-year, written employment contract expired and was not renewed. The Indiana Court of Appeals held that since Hilburt was not terminated for disciplinary reasons as set out in § 36-8, he was not entitled to the due process protections afforded by those state statutes. Both *Spoon* and *Hilburt* were brought in state court and the holdings in both cases were based on analysis and application of Indiana state law. While *Spoon* and *Hilburt* are factually distinguishable from the present case, Lakeville contends that the holdings in those cases support the Town's argument that Jaronik's separation from employment was for reasons other than those enumerated in the statute and, therefore, he was not entitled to a hearing and his due process rights were not violated (and, in fact, were never invoked). Jaronik contends that *Spoon* and *Hilburt* are not dispositive because both cases are factually distinguishable from his in that Spoon failed to exhaust certain administrative remedies prior to filing suit and Hilburt had an express written employment contract that was not renewed. Neither situation existed in this case, and so Jaronik says the holdings in those cases do not defeat his claims. This debate illustrates, yet again, why a state court would be better equipped to resolve Jaronik's claims and Lakeville's defenses, all of which are based on the interpretation and application of state law.

> such an activity. Officer Jaronik stated that he was bringing some very serious issues to the Chief's and Ms. Tyler's attention. These issues included information that members of the department may have been receiving pay while not working, may have been conducting the duties of a police officer without attending mandatory training, may have been reporting training hours that were not actually served—all are potential violations of law, violations against public policy, and constitute a danger to the public[.]

Plaintiff's Response, pp. 6-7 (boldface italics added). Lakeville seeks summary judgment on this retaliation claim because:

> Plaintiff, without any citation to a case supporting his statement, claims it is "the duty to report such important concerns is paramount to a police officer's ability to perform his or her primary job function as defined by statute, ordinance, and public policy: enforce the law and ensure the safety of the public." . . . This is not enough to support the position that Plaintiff participated in a statutorily protected activity. Plaintiff allegedly complained to a Town Council member. This is not a statutorily protected activity.

Defendant's Reply, p. 3. So again, the parties support their arguments on this issue by citing and discussing Indiana state law; and again, neither side makes any mention of any federal retaliation claim.[4] Jaronik does not allege, for example, that he was retaliated against after complaining about race discrimination or gender discrimination or any other adverse employment action that is protected under federal law. Therefore, his wrongful discharge/retaliation claim must be based on state law theories, which an Indiana state court is better equipped to litigate.

Lakeville removed this case to federal court because it purportedly was "one over which this Federal District Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 ("Federal Question" Jurisdiction) and is one which may be removed to this Court by the defendant pursuant to 28 U.S.C. §§ 1441 and 1446 (since it is a civil action arising under the

---

[4] As for Jaronik's defamation claim, there is no dispute that this claim rests solely on Indiana state law.

Constitution, Laws, or Treaties of the United States)." Notice of Removal, p. 2. More specifically, Lakeville contended that "Plaintiff's Complaint seeks damages allegedly caused by supposed violations of 42 U.S.C. § 1981." *Id*. (To reiterate, Jaronik's Complaint does not discuss or even cite § 1981 or any other federal statute.) Lakeville's petition for removal might have jumped the gun, since Jaronik's Complaint contains no mention of any federal claim.

The *only* reference Jaronik makes to federal law in any of his pleadings is a passing reference in his Complaint that "[b]oth the United States Constitution and Indiana State Constitution provide various due process rights to individuals." Complaint, p. 3, ¶ 13. That's an accurate statement, of course, but so what? Jaronik doesn't say anything else about federal law, doesn't mention the U.S. Constitution any other time in his six-page Complaint, and doesn't mention or cite any federal statute (such as 42 U.S.C. § 1981 or § 1983 or Title VII, for example) that would indicate that he was asserting a federal claim. His Complaint, after all, was initiated in state court. Plaintiffs can litigate federal claims in state court, of course, but the fact that Jaronik chose that forum to bring his lawsuit, and the absence from his Complaint of any cognizable federal claim, support the Court's conclusion that no such claim exists or was intended. This case came to this Court through a proverbial "back door," as all removed cases do, but that doesn't mean it belongs here.

Jaronik alleges that he had a property interest in his employment and that Lakeville interfered with that interest by terminating him because he was speaking up about improprieties in the Lakeville marshal's office. Lakeville's assertion that he resigned, argues Jaronik, is a bunch of bunk intended to mask the Town's real motive, i.e., that Lakeville wanted to get rid of him because he was exposing improper, as well as possibly embarrassing and even illegal,

11

activities allegedly taking place in the Lakeville marshal's office. What Jaronik *does not* do is allege any fact or advance any legal theory to show how these facts give rise to a *federal* due process claim as opposed to only a *state law* due process claim, the latter of which he *does* address in his Complaint and his brief in opposition to Lakeville's motion. Jaronik's Complaint is not a model of clarity, which Lakeville acknowledges when it states in its memorandum that "[*a*]*lthough not specifically stated*, *it is believed* Plaintiff claims he had a property interest in his public employment based upon Indiana Code § 36-8-3-4 et seq." Defendant's Memorandum, p. 4 (italics added). It's one thing to argue for summary judgment on a claim that the movant *believes* is present in its opponent's case, but quite another to *assume* that that *inferred* claim confers subject matter jurisdiction in federal court.

A sister court addressed a similar denial of due process claim, this one asserted by a terminated school teacher, who alleged that the defendant school district had fired him without affording him a proper hearing. He brought suit against the district and cited several federal statutes as the basis for some of his claims, although the court analyzed the plaintiff's claim under only one of them, given that the plaintiff did not present any allegations regarding the other two. That court explained as follows:

> [Plaintiff] alleges that [Defendant] violated his Due Process rights in contravention of 42 U.S.C. §§ 1981, 1983, and 1985(2). Although [Plaintiff] labeled this count "Denial of Due Process in Property Interest Pursuant to 42 USC 1981, 1983, and 1985(2)," [he] specifies that his claim is for the violation of his Constitutional rights that occurred when "Defendant . . . fired [Plaintiff] without a hearing." Because Section 1983 concerns violations of one's constitutional rights (which [Plaintiff] alleges), and [Plaintiff] *makes no substantive allegations* pertaining to Sections 1981 (which deals with racial discrimination in the making and enforcement contracts) and 1985(2) (which relates to obstructing court proceedings by intimidating witnesses), the Court analyzes [Plaintiff's] claim under Section 1983 only.

*Lance v. Betty Shabazz Int'l Charter Sch.*, 2014 WL 340092, at *4 (N.D. Ill. Jan. 29, 2014)

(italics added). The court also discussed the elements of a due process claim, explaining as

follows:

> To assert a violation of the Due Process Clause, Plaintiff must be able to show (1) that he had a "property interest," and (2) that he was deprived of that interest without due process of law. See *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003) (citing *Bishop v. Wood*, 426 U.S. 341, 343 (1976)). To demonstrate a deprivation of a property interest, Plaintiff "must first establish that he had a property interest . . . of the sort that the Constitution protects." *Border v. City of Crystal Lake*, 75 F.3d 270, 273 (7th Cir. 1996). "Property interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understanding that secure certain benefits and that support claims of entitlement to those benefits." *Moore v. Muncie Police and Fire Merit Com'n*, 312 F.3d 322, 326 (7th Cir. 2002) (citing *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). For a fired public employee bringing a procedural due process claim against his employer, "[a] property interest in continued employment 'can be created in one of two ways, (1) by an independent source such as state law securing certain benefits; or (2) by a clearly implied promise of continued employment.'" *Palka v. Shelton*, 623 F.3d 447, 452 (7th Cir. 2010) (citing *Phelan*, 347 F.3d at 681).

*Id*. The *Lance* case is informative and on point in many respects, but there is also a glaring

difference between *Lance* and the present case. In *Lance*, the plaintiff actually cited several

federal statutes as the bases for his claims (although the court dismissed them and refused to

exercise supplemental jurisdiction over plaintiff's state law claims). In this case, aside from

Jaronik's inclusion of a statement of elementary black letter law, i.e., that the U.S. Constitution

and the Indiana Constitution "provide various due process rights to individuals[,]" his Complaint

is devoid of any mention of a federal claim or discussion of federal statutes or case law from

which the Court can even *infer* a federal claim. Notwithstanding the fleeting reference in his

Complaint to the U.S. Constitution, Jaronik's memorandum in opposition to Lakeville's motion

for summary judgment appears to show that he is basing his due process claim solely on Indiana

state law–specifically the provisions contained in I.C. § 36-8-3-4. While this state statute could constitute "an independent source" that gives rise to a "property interest," which in turn would arguably give rise to a federal due process claim, the Court can't ignore the fact (as the parties have) that Jaronik apparently has *not pleaded* any such claim or presented argument in support of any such claim.

Because Jaronik referenced the United States Constitution in his Complaint and asserted a claim for deprivation of "due process," and also perhaps because he was a police officer employed by a governmental subdivision, Lakeville assumed there was a federal question at issue in the suit and it could remove it to this Court (as most such municipal or governmental defendant entities are wont to do). Jaronik did not protest (by filing a motion to remand, for example) and so this case proceeded in this Court. But subject matter jurisdiction is not established by assumption or acquiescence. As another court explained:

> "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Although the parties do not contest the Court's exercise of subject matter jurisdiction over Plaintiffs' claims, "neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction." *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000); *see DeBartolo v. Healthsouth Corp.*, 569 F.3d 736, 740 (7th Cir. 2009) ("Subject-matter jurisdiction is not an issue that can be brushed aside or satisfied by agreement between the litigants."); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) ("jurisdiction cannot be conferred by consent of the parties") (internal quotation marks and citation omitted).

*Miksis v. Evanston Twp. High Sch. Dist. # 202*, 2017 WL 506792, at *10 (N.D. Ill. Feb. 2, 2017).

The apparent lack of any federal claim in this case would mean that this Court has no subject matter jurisdiction over the matter and its removal was improper. It doesn't matter that

the case has proceeded in this Court for a year, or that neither the parties nor the Court raised the issue until now. "[I]n the federal system a defect in subject-matter jurisdiction requires a suit's dismissal, no matter how much the parties have spent and no matter how late in the proceedings the defect comes to light." *RTP LLC v. ORIX Real Estate Capital, Inc*., 827 F.3d 689, 693 (7th Cir. 2016). The parties' own briefs in this case–more specifically their arguments and the authority they cite in support of them, all of which are based on Indiana law–exposed the jurisdictional issue. As the court explained in *Miksis*:

> The parties' summary judgment arguments caused the Court renewed concerns about the basis for its jurisdiction over this matter. Therefore, the Court had an independent duty to look into the question. If in reexamining the jurisdictional question the Court were to determine that subject matter jurisdiction is lacking, the case would have to be remanded to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). A remand would be required even if it would impose a hardship on the parties. *See Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1036 (7th Cir. 2014) ("If this case is returned to state court, it must start anew . . . and more than two years will have been lost. But practical considerations never justify a federal court's adjudication of a suit over which it lacks subject-matter jurisdiction.").

*Miksis*, 2017 WL 506792 at *10. Fortunately, while this case has been proceeding in this Court for about 14 months, the parties' time and effort was not wasted, as they conducted and completed discovery prior to the filing of Lakeville's motion for summary judgment, which is obviously necessary work regardless of venue and which will translate back to state court, should that be where this case comes to rest.

## CONCLUSION

For the reasons discussed above, the motion for summary judgment filed by Defendant Town of Lakeville (DE 19) is **TAKEN UNDER ADVISEMENT**. The **PARTIES ARE**

**DIRECTED** to file additional briefs addressing only the issue of whether this Court has subject matter jurisdiction over this case. Defendant Lakeview shall file its brief within 30 days of the date of this Opinion and Order, Plaintiff Jaronik shall file his brief (either in support of *or* in opposition to removal) within 15 days from the filing of Lakeville's brief, and Lakeville shall file its reply brief (if necessary) within seven days of the filing of Jaronik's response. Should the parties conclude that this Court does not have subject matter jurisdiction over this case, they should file a joint motion to remand this case to the St. Joseph Circuit Court.

Date: March 2 , 2017.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana